1 Cleophus Johnson (H-06335)
  P.O. 29
2 Represa,  CA  95671

3 In pro se

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10 CLEOPHUS JOHNSON,              )   CV-08-3427- MHP   (PR)
                                 )
11            Petitioner,        )   REQUEST FOR PERMANENT INJUNCTION
                                 )   PER. F.R.C.P RULE 65
12 v.                            )
                                 )
13 WALKER, WARDEN.,              )   MEMORANDUM OF POINTS & AUTHORI-
                                 )   TIES IN SUPPORT THEREOF
14            Respondent.        )
                                 )
15    _____  )

16

17    Petitioner  will respectfully request the court for an perma-

18 nent injunction to be issued as soon as possible pursuant to the

19 Federal Rules of Civil Procedures, Rule 65.

20    As alleged herein below,  there exist an likelihood of success on

21 the merits and the possibility of irreparable injury. Additionally,

22 there's an existence of serious question going to the merits and

23 the balance tipping in the moving party's favor.

24

25

26

27

28

                            1.

1                          **STATEMENT OF FACTS**

2

3     On July 07, 2008, Petitioner submitted and filed this action by

4  handing his writ to atuhorities to mail to this court.

5     In regards to filing an In Forma pauperis to cover the five dollar

6  filing fee,  Petitioner decided to send the courts a five dollar

7  check off of his account on July 7, 2008. However, the Warden,

8  Respondent Walker, permits his subordinate employee Mrs. Viles,

9  who is the facility counselor, to play the role as an medium for

10  mailing Petitioner's five dollars to the court. Her role is as

11  follows: (1) Petitioner is to give her a CDC trust account with-

12  draw  form and a envelope addressed to the court with prepaid

13  postage.**[Note: a trust account withdraw  form is a form that per-**

14  **mits CDC&R to withdraw money from the prisoner's account once**

15  **the counselor approves it]**; (2) The counselor Viles is then to

16  determine if the money is going to a legitimate place, if so,

17  approve it, withdraw the money, place it in the envelope and mail

18  it to the court.

19     It is now July 24, 2008, and the counselor Mrs. Viles refuses to

20  respond to Petitioner's request to mail out his five dollars for

21  the filing fee. Petitioner contacted Mrs. Viles numerous times

22  and during those times she refused to hear my verbal request, and

23  suggested that I submit her a written request, which I did.

24     On July 16, 2008, this court issued an order/warning that

25  Petitioner pay the five dollars within thrity days/ or an in froma

26  pauperis. If not, than the action will be dismissed.

27     Petitioner hereby declares that it is the counselor who is denyiq

28  his access to

                                   2.

1  his access to the court. Petitioner can not pay this court the

2  five dollars unless the counselor mails his five dollar check out

3  to this court.  Secondly, petitiiner will submit an in forma

4  pauperis form, but since the court needs it to be certified by

5  the trust account officer, the In forma Pauperis form has to qo

6  throuqh the same counselor first, who has already demonstrated

7  deficient conduct as an medium between Petitioner and his access

8  to the courts.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

( MEMORANDUM OF POINTS & AUTHORITIES )

### I.    SINCE IRREPARABLE INJURY EXIST TO PETITIONER AND THE LIKELIHOOD OF SUCCESS EXIST ON THE MERITS HEREIN, AN INJUNCTION SHALL ISSUE

The Respondent, and his subordinate official, Mrs. Viles, acts and omissions currently abridges the Petitioner's Constitutional right to access the Court. There exist no remedy available to compensate him with monetary relief, thus the injury is irreparable. The rule for an request for an injunction of any kind is well established. The moving party must show either: (1) a likelihood of success on the merits and the possibility of irreparable injury, or ;(2) The existence of serious questions going to the merits and the balance of hardships tipping in the moving party's favor. As according to the black's law dictionary, third pocket edition, irreparable injury is defined as **"an injury that cannot be adequately measured or compensated by money"** Additionally, Black's law dictionary, third pocket edition defines Irreparable Injury rule as: **"the principle that equitable relief, such as an injunction, is available only when no adequate legal remedy, such as money damages exist."**

In the instant case, Petitioner's filed a writ against the Warden of the institution he is currently housed. He is not suing this respondent in his individual capacity. it can only be said that this is a pleading against the warden within his official capacity. Tnerefore, the warden/ Respondent is immuned from a civil damage suit by plaintiff, see  **Clement v. Gomez (9th. cir. 2002)**

1  298 F.3d at 903 ("it shields government oficials performing dis-

2  cretionary functions from liability for civil damages"), However,

3  such officials are not immuned from injunction, see  Elrod v. Burns

4  (1976) 427 U.S. 347, 373, [96 S.ct 2673; 49 L.ed 2d 542.] ("the

5  deprivation of an constitutional right is sufficient to irreparable

6  harm to invoke the court's authority to issue an injunction")

7     Accordingly, there exist no adequate legal remedy, such as mon-

8  etary damages  available for Petitioner's predicament. Thus, an

9  irreparable injury has been established, and an injunction shall

10 issue in accordance with  Oakland Tribune , Inc. v.  Chronicle

11 publishin Co. 762 F.2d 1374, 1376 (9th. cir 1985).

12    The Constitutional right that is violated currently is Petitioner

13 right to access the court according to  Lewis v. Casey 518 U.S.

14 343 (1996).  According to Lewis, supra, Petitioner needs only show

15 that he is presently hindered in pursuing an nonfrivolous leqal

16 claim.  As mentioned earlier within the facts, Mrs. Viles, who

17 is the warden's subordinate official actinq under his supervision,

18 refuses to mail out Petitioner's five dollar chack to the court so

19 that he can pay for the filing fee for his writ. Because of her

20 actions, the deputy clerk issued an order, ordering Petitioner

21 no more than thirty days to pay his filing fee or face dismissal

22 of the action. petitioner's writ is based upon valid constitutional

23 claims, which if granted, may discharge him from the custody of

24 the warden and face dismissal due to the conduct of the warden's

25 subordinate official is severe prejudice to Petitioner's claims.

26

27

28

1                               RELIEF REQUESTED

2      That the court order the respondent in the action to order his

3   subordinate staff Mrs. viles to approve of Petitioner's trust

4   account withdraw and mail the five dollars to the court to cover

5   the filing fee.

6   Dated July 28,  2008.

7                           RESPECTFULLY SUBMITTED

8

9                           CLEOPHUS EUGENE JOHNSON

10

11   ///

12   ///

13   ///

14   ///

15   ///

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    6.

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, ___Jaron Brignac___, am over the age of eighteen (18) years, and I (am) (a~~m not~~) a party to the within cause of action. My address is:

P.O. BOX 29

Represa, CA 95671

On, ___July 25, 2008___, I served the following documents:

REQUEST FOR PERMANENT INJUNCTION PER. F.R.C.P RULE 65

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF.

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. U.S DISTRICT COURT          2. ___
   NORTHERN DISTRICT OF CALIFORNIA
   450 GOLDEN GATE AVE.
   SAN FRANCISCO, CA 94102

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this __28__ day of __July 2008__, ___, at California State Prison - Sacramento, Represa, California.

(Signature) _____

Cleophus E. Johnson # H-06335
CSP Sacramento CH-222
P.O. Box 290066
Represa, California 95671-0066

94102893432 0004

United States District Court
Northern District of California
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, CA 94102

UNITED STATES POSTAGE
02 1A
0004609711   JUL 29 2008
MAILED FROM ZIPCODE 95670
$ 00.00
USA FIRST-CLASS FOREVER