UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOPHUS E. JOHNSON, | No. C 08-3427 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| WALKER, Warden, | |
| Respondent. | |

Cleophus E. Johnson, an inmate at the California State Prison -Sacramento, filed this pro se action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The lone claim in his petition is that his sentence is unconstitutional because the facts supporting his upper term sentence were not found by a jury to be proven beyond a reasonable doubt. That sentence was imposed in 1991 in the Monterey County Superior Court. For the reasons discussed below, the petition will be summarily dismissed because the Apprendi line of cases does not apply retroactively.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

1 　　　　The Sixth Amendment to the United States Constitution guarantees a criminal
2 defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has
3 been made applicable to state criminal proceedings via the Fourteenth Amendment's Due
4 Process Clause. Duncan v. Louisiana, 391 U.S. 145, 149-50 (1968). The Supreme Court's
5 Sixth Amendment jurisprudence was significantly expanded by Apprendi v. New Jersey, 530
6 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the
7 fact finding used to make enhanced sentencing determinations as well as the actual elements
8 of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for
9 a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved
10 beyond a reasonable doubt." Id. at 488-90 (2000). The "statutory maximum" for Apprendi
11 purposes is the maximum sentence a judge could impose based solely on the facts reflected
12 in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is
13 not the sentence the judge could impose after finding additional facts, but rather is the
14 maximum he or she could impose without any additional findings. Blakely v. Washington,
15 542 U.S. 296, 303-04 (2004). The Court reaffirmed this basic principle when it determined
16 that the federal sentencing guidelines violated the Sixth Amendment because they imposed
17 mandatory sentencing ranges based on factual findings made by the sentencing court. See
18 United States v. Booker, 543 U.S. 220, 233-38 (2005). The sentencing guidelines were
19 unconstitutional because they required the court to impose an enhanced sentence based on
20 factual determinations not made by the jury beyond a reasonable doubt. Id. at 243-245.

21 　　　　In Cunningham v. California, 549 U.S. 270 (2007), the Court held that California's
22 determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the
23 sentencing court to impose an elevated sentence based on aggravating facts that it found to
24 exist by a preponderance of the evidence. Id. at 288-89. The sentencing court was directed
25 under the DSL to start with a "middle term" and then move to an "upper term" only if it
26 found aggravating factual circumstances beyond the elements of the charged offense. Id. at
27 277. Concluding that the middle term was the relevant statutory maximum, and noting that
28 aggravating facts were found by a judge and not the jury, the Supreme Court held that the

2

1 California sentencing law violated the rule set out in Apprendi.  Id. at 288-89, 293.  Although
2 the DSL gave judges broad discretion to identify aggravating factors, this discretion did not
3 make the upper term the statutory maximum because the jury verdict alone did not authorize
4 the sentence and judges did not have the discretion to choose the upper term unless it was
5 justified by additional facts.

6   In Teague v. Lane, the Supreme Court held that a federal court may not grant habeas
7 corpus relief to a prisoner based on a constitutional rule of criminal procedure announced
8 after his conviction and sentence became final unless the rule fits within one of two narrow
9 exceptions.  Teague v. Lane, 489 U.S. 288, 310-316 (1989).  Johnson's petition for review
10 was denied by the California Supreme Court on August 12, 1993, and that court's docket
11 does not indicate any further petition.  See People v. Johnson, Cal. S. Ct. No. S033314.  His
12 conviction therefore became final in 1993.

13   Apprendi, Blakely, Booker and Cunningham had not yet been decided when Johnson's
14 conviction became final in 1993.  They therefore apply to Johnson's case only if they can be
15 applied retroactively under Teague.  Apprendi, Blakely, and Booker have all been held not
16 to apply retroactively under Teague.  United States v. Sanchez-Cervantes, 282 F.3d 664, 665
17 (9th Cir. 2002) (Apprendi);  United States v. Cruz, 423 F.3d 1119, 1122 (9th Cir. 2005)
18 (Booker); Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005) (Blakely).  Cunningham, on
19 the other hand, did not announce a new rule and applies retroactively on collateral review,
20 Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), but only as to cases in which the
21 convictions became final after Blakely was decided because Blakely itself is not retroactive.

22   Here, Johnson's conviction became final before any of the Apprendi line of cases was
23 decided.  Those cases cannot be applied retroactively to his case under Teague.  Johnson's
24 claim based on the Apprendi line of cases therefore cannot be considered on collateral
25 review.  Accordingly, the petition for writ of habeas corpus is DISMISSED.
26 / / /
27 / / /
28

3

1     Petitioner's request for an injunction to compel prison officials to pay the filing fee
2 from his trust account is DENIED as moot because the fee has been paid. (Docket # 3.)
3     The clerk shall close the file.
4     IT IS SO ORDERED.
5 DATED: December 18, 2008

                                      Marilyn Hall Patel
                                      United States District Judge

**United States District Court**
For the Northern District of California

4